## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:11cv228

| | | |
|---|---|---|
| LAWRENCE WEINGARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *ROSEBORO* |
| v. | ) | ORDER |
| | ) | |
| WELLS FARGO BANK, N.A. and | ) | |
| WELLS FARGO FINANCIAL | ) | |
| NATIONAL BANK, Trustee, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the Defendants' Motion to Dismiss [# 6]. Plaintiff is proceeding *pro se* and will be advised of his obligation to respond and the time for doing so.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding *pro se*, is cautioned that Defendants have filed a Motion to Dismiss contending that the Complaint fails to state a claim. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, Plaintiff must show that he has made sufficient allegations to support a cause of action against such defendant that is recognized by law. In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." <u>Id.</u>, at

-1-

555.

> [A] plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and conclusions,
> and a formulaic recitation of the elements of a cause of action will not
> do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not

survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of

further factual enhancement." Id., at 557. Instead, a plaintiff must now plead

sufficient facts to state a claim for relief that is "plausible on its face." Id., at 570.

The court again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal,

___ U.S. ___, 129 S. Ct. 1937 (May 18, 2009). In Ashcroft, the Court held that

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me

accusation." Id., S. Ct., at 1949. The Court explained that, "to survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." Id. (internal quotation and

citation omitted). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient
> factual content that allows the court to draw the reasonable inference
> that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a

defendant has acted unlawfully." Id. Thus, a complaint falls short of the

plausibility standard where plaintiff "pleads facts that are 'merely consistent with'

a defendant's liability . . . ." Id.

While the court accepts plausible factual allegations made in the Complaint

as true and considers those facts in the light most favorable to  plaintiff in ruling on

a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

Finally, Plaintiff is advised that the method for responding requires that he file a written "response" to Defendants' motion within the time allowed by this Order. A copy of such response must be sent to counsel for all other parties, and Plaintiff must certify that he has made such service in a "certificate of service" indicating the manner in which such service was made.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff file his written response to Defendants' Motion to Dismiss [# 6] by November 10, 2011.

Signed: November 2, 2011

Dennis L. Howell
United States Magistrate Judge